**ENGELMAN BERGER, P.C.**
WADE M. BURGESON (SBA 015650)
wmb@eblawyers.com
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Tel: 602.271.9090
Fax: 602.222.4999

Attorneys for Defendant,
PHI HEALTH, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PHI Health, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Oscar Health, Inc. and Oscar Health Plan, Inc.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT** |

PHI Health, LLC ("PHI" or "Plaintiff") brings this complaint to recover damages in the amount of $174,096.19,[1] in addition to applicable fees, costs, and interest in connection with PHI's air medical transport of patients covered by health insurance plans provided by Defendants. Qualified, independent arbitrators, duly appointed under the No Surprises Act ("NSA"), have already considered these medical transports and determined that the separate IDR arbitration awards represent the appropriate out-of-network rates that Defendants must pay for PHI's services. That same federal law now requires Defendants to pay the IDR Award Balance Owed that the arbitrators have ordered. Defendants simply refuse to pay, which makes this lawsuit necessary.

---

[1] This is the amount awarded in the IDR arbitrations that are the subject of this lawsuit, less amounts already paid and patient responsibility (also referred to herein as "IDR Award Balance Owed"). *See* charts in ¶15 below.

## I.     PARTIES

1. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona.

2. Defendants Oscar Health, Inc. and Oscar Health Plan, Inc. (collectively, the "Insurer" or "Defendants") are affiliated entities. Either or both of these companies or an affiliated company is the issuer of an individual health insurance policy that provided health insurance to the patients whose transports are at issue in this case. PHI is not currently aware of the exact legal name of entity or entities responsible for providing the insurance coverage at issue but, in discovery, will learn that name and will then amend this Complaint accordingly. The Insurer is a "health insurance issuer" as that term is used in the NSA. See 42 U.S.C. § 300gg-112(a)(3).[2]

3. The Insurer may be served with process by serving its registered agent for service of process, CT Corporation, 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

## II.     JURISDICTION AND VENUE

4. The Court has federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the NSA, which federal law makes the IDR award "binding" on Defendants and also requires Defendants to pay what is owed within 30 days of the IDR entity's decision. 42 U.S.C. § 300gg-112(b)(6).

5. Venue is proper in this District because Plaintiff and one or more Defendants are headquartered and reside here, and because "a substantial portion of the events and omissions giving rise to the claim occurred" here. 28 U.S.C. § 1381(b).

6. This Court has personal jurisdiction over Defendants because Defendants do significant business in this State and have a significant presence here, and because PHI's

---

[2] 42 U.S.C. § 300gg-112 is the codification of the NSA that applies to Exchange Act insurance plans that are governed by the Public Health Act ("PHA").

2

claims arise out of Defendants' contacts with this State. One of Defendants' main offices, the "Oscar Health Hub," is located in Tempe, Arizona, and Defendants direct claims to an address located in Phoenix, Arizona, all of which shows the extent of Defendants' presence in this State. Defendant Oscar Health Plan, Inc. is also incorporated in the State of Arizona, in addition to having its principal place of business here.

### III.     FACTUAL BACKGROUND

#### A.     Background on the NSA.

7.     The NSA creates a federal obligation for group health plans to pay out-of-network providers of air ambulance services (which the NSA calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount." 42 U.S.C. § 300gg-112(a)(3)(B).

8.     The NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

9.     The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.* § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, see id. § 300gg-112(b)(5)(C) & (D) and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id*. § 300gg-112(b)(5)(A).

10.     The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

      **(i) In general**

      A determination of a certified IDR entity under subparagraph (A)--

      (I)    shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

      (II)   shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(D).

    11.    The insurance company must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. Id. § 300gg-112(b)(6).

    **B.    PHI Provided Air Ambulance Services; Defendants Underpaid PHI For Those Services.**

    12.    PHI supplied emergency air ambulance transport services to the following individuals insured by Defendants:

    PATIENT 1
    Year of Service: 2022
    Claim Number: Z3177GKY
    Patient ID: OSC79845559-02

    PATIENT 2
    Year of Service:2024
    Claim Number: G9612QQZ
    Patient ID: OSC7861145101

    PATIENT 3
    Year of Service: 2022
    Claim Number: Z31RNQHI
    Patient ID: OSC79181175-01

    PATIENT 4
    Year of Service: 2024
    Claim Number: 7VJWSKSX
    Patient ID: OSC7846310901

13. PHI sent Defendants bills for these emergency medical services.

14. Defendants sent PHI "Explanation of Benefits" forms for each of the claims identified in the charts below.

15. The charts show the aggregate IDR Award Balance Owed, reflecting the separate IDR Awards, less payments already made, for each is the below IDR proceedings:

| PATIENT 1 Service Code | Billed Charges | Initial Payment | Patient's "Cost Sharing" | IDR Award | IDR Award Balance Owed[3] |
|---|---|---|---|---|---|
| Air Ambulance Base Charge[4] [5]DISP-560333: | $39,442.00 | $11,074.81 | $0 | $30,728.02 | $19,653.21 |
| Air Ambulance Mileage[6] [7]DISP-560334: | $77,649.00 | $3,963.40 | $0 | $68,418.00 | $64,454.60 |
| TOTAL | | | | | $84,107.81 |

| PATIENT 2 Service Code | Billed Charges | Initial Payment | Patient's "Cost Sharing" | IDR Award | IDR Award Balance Owed |
|---|---|---|---|---|---|
| Air Ambulance Mileage DISP-1452980[8] | $47,188.00 | $5,368.00 | $0 | $41,550.82 | $36,182.82 |
| TOTAL | | | | | $ 36,182.82 |

---

[3] The "IDR Award Balance Owed" is the IDR Award less prior payments and any cost-sharing responsibility of the patient.

[4] The Ambulance Base Charge service code for rotor-wing transports is A0431 and for fixed-wing transports is A0430.

[5] A copy of the IDR Award is attached as Exhibit A-1.

[6] The Ambulance Mileage service code for rotor-wing transports is A0436 and for fixed-wing transports is A0435.

[7] A copy of the IDR Award is attached as Exhibit A-2.

[8] A copy of the IDR Award is attached as Exhibit B-1.

| PATIENT 3 Service Code | Billed Charges | Initial Payment | Patient's "Cost Sharing" | IDR Award | IDR Award Balance Owed |
|---|---|---|---|---|---|
| Air Ambulance Base Charge DISP-907694[9] | $39,442.00 | $11,236.79 | $0 | $30,728.02 | $ 19,491.23 |
| Air Ambulance Mileage DISP-907695[10] | $13,299.00 | $3,963.40 | $0 | $11,718.00 | $7,754.60 |
| TOTAL | | | | | $27,245.83 |

| PATIENT 4 Service Code | Billed Charges | Initial Payment | Patient's "Cost Sharing" | IDR Award | IDR Award Balance Owed |
|---|---|---|---|---|---|
| Air Ambulance Mileage DISP-1996029[11] | $34,638.00 | $3,940.34 | $0 | $30,500.07 | $26,559.73 |
| TOTAL | | | | | $26,559.73 |

**C.    PHI Filed Arbitration and Prevailed, Yet Defendants Refuse to Pay.**

16.    PHI initiated IDR proceedings for the payments offered for the transports at issue in this case by submitting Notices of IDR Initiation through the federal IDR Portal.

17.    PHI gave valid notice to Defendants of the initiation of each of the IDR proceedings noted in the charts above.

18.    PHI and Defendants are required to participate in the IDR proceedings pursuant to the NSA. 29 U.S.C. §1185f(b)(5)(B).

19.    PHI complied with the NSA by submitting offers in each of the IDR proceedings referenced in the charts above.

---

[9] A copy of the IDR Award is attached as Exhibit C-1.
[10] A copy of the IDR Award is attached as Exhibit C-2.
[11] A copy of the IDR Award is attached as Exhibit D-1.

4904-4971-5287, V. 1

20. Except for one patient, Defendants submitted offers and participated in each of the IDR proceedings referenced in the charts above."

21. With respect to the one patient for which Defendants did not submit an offer and participate in the IDR proceeding, Defendants ignored their statutory obligations and violated the NSA.

22. The IDR entities issued Written Payment Determination Notices, which include the "IDR Awards" referenced above, the results of which are set forth in the attached Exhibits A-1 and A-2 (Patient 1); Exhibit B-1 (Patient 2); Exhibits C-1 and C-2 (Patient 3); and Exhibit D-1 (Patient 4) as well as the summary charts above. In sum, the amount of the aggregate IDR Award Balance Owed totals $174,096.19. To date, Defendants have not paid PHI the full amount it is owed.

23. PHI simply wants the funds to which it is entitled and for which the independent IDR entities have already issued "binding" determinations that PHI is authorized to recover such sums from Defendants, whether through declaratory judgment, contract, statute, or as a matter of equity.

### IV.   CAUSES OF ACTION

**A.   COUNT ONE: DECLARATORY JUDGMENT**

24. PHI incorporates by reference the allegations of the preceding paragraphs.

25. An actual, concrete, and justiciable controversy exists among the Parties as it relates to Defendants' obligation to pay the IDR Award Balance Owed.

26. Declaratory judgment is appropriate if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration.

27. In this case, PHI seeks a determination and declaration of its right to payment in the amount of the IDR Award Balance Owed; specifically, Defendants are legally obligated to pay the IDR Award Balance Owed, and PHI is entitled to pursue any and all remedies available to it to collect the debts. Defendants have shown a willingness to ignore their obligations under the NSA and the IDR Awards issued in the past and the future.

28. As a result of the foregoing declarations, PHI will be protected from Defendants and other insurance companies and benefits plans continuing to ignore the NSA and failing and refusing to pay PHI amounts it is owed for its life-saving emergency healthcare services.

29. Such declarations are proper and necessary under the existing circumstances in order that the Parties may ascertain their rights and obligations.

30. The foregoing declarations, in whole or in part, would settle the controversy between the parties. Without a declaration concerning PHI's rights and interests relating to the services it provides and the enforcement of IDR Awards, including payment of the IDR Award Balance Owed, PHI will continue to suffer damages on existing and future claims for services.

**B.    COUNT TWO: ENFORCEMENT OF ARBITRATION AWARD PURSUANT TO THE FEDERAL ARBITRATION ACT**

31. PHI incorporates by reference the allegations of the preceding paragraphs.

32. The IDR Awards should be confirmed by judgment of this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

33. The IDR Awards are valid and binding and have not been vacated or set aside by any authority.

34. No grounds exist for vacating, modifying, or correcting the IDR Awards.

35. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI, namely, the IDR Award Balance Owed.

**C.    COUNT THREE: ENFORCEMENT OF ARBITRATION AWARD PURSUANT TO THE ARIZONA REVISED UNIFORM ARBITRATION ACT ("RUAA")**

36. PHI incorporates by reference the allegations of the preceding paragraphs.

37. Arizona has a strong and well-established policy favoring arbitration. *See Stevens/Leinweber/Sullens v. Holm Dev. & Mgmt.,* 165 Ariz. 25, 28 (App. 1990). Thus,

"[j]udicial review of arbitration awards is severely restricted." *Nolan v. Kenner*, 226 Ariz. 459, 461, ¶ 4 (App. 2011); *see also Einkorn v. Valley Medical Specialists, P.G.*, 172 Ariz. 571, 572-73 (App. 1992) ("In deference to the parties' contractually agreed upon means of dispute resolution, and to avoid undermining the objectives of arbitration as an inexpensive and speedy final disposition of the parties' controversy, judicial review of an arbitration award is limited."); *Yu-Wen Chang v. Molim Siu*, 234 Ariz. 442, 446, ¶ 14 (App. 2014) ("[T]he arbitrators' decision is final both as to questions of fact and law.").

38. An application for confirmation of an arbitration award such as this "must be made by motion to the court and heard in the manner provided by law or court rule for making and hearing motions." A.R.S. § 12-3005. Upon receiving a motion for confirmation of an arbitration award, "the court shall issue a confirming order unless the award is modified or corrected … or is vacated." A.R.S. § 12-3022. Upon issuing such an order confirming an award, "the court shall enter a judgment in conformity [therewith]." A.R.S. § 12-3025(A).

39. The NSA imposes an obligation to arbitrate through the IDR process, and, for all except one patient, Defendants actively participated in the IDR process, including submitting offers to the IDR entities, thereby consenting to arbitrate these payment disputes.

40. The arbitration awards in this case should be promptly confirmed and judgment should be entered in PHI's favor and in the amount of the IDR Award Balance Owed.

41. Pursuant to A.R.S. § 12-3025, PHI seeks to recover its attorneys' fees and other reasonable expenses of litigation, in addition to applicable interest.

**D.  COUNT FOUR: ENFORCEMENT OF IDR AWARD PURSUANT TO THE NSA**

42. PHI incorporates by reference the allegations of the preceding paragraphs.

43. The NSA includes an implied right of action against Defendants for the amount owed to PHI.[12]

44. Specifically, the NSA requires Defendants to participate in the IDR process and make the "payment required . . . directly to [PHI] not later than 30 days after the date on which such determination is made" by the IDR entity. 42 U.S.C. § 300gg-112 (a)(3) and (b)(6).

45. The mandatory nature of the final and binding IDR Awards creates a right and remedy for payment, without which the NSA would be rendered meaningless and PHI would lack a remedy to the legislatively recognized harm.

46. The NSA thus requires Defendants to pay PHI the IDR Award Balance Owed for each of the transports at issue in this case.

### E. COUNT FIVE: MONEY HAD AND RECEIVED

47. PHI incorporates by reference the allegations of the preceding paragraphs.

48. Defendants hold money that in good conscience and equity belongs to PHI, namely, the IDR Award Balance Owed.

49. There is no basis, at law or in equity, for Defendants to withhold from PHI payment of the IDR Award Balance Owed.

50. PHI requests a final judgment ordering Defendants to pay PHI the IDR Award Balances Owed.

### V. PRAYER FOR RELIEF

51. PHI requests that the Court enter final judgment in its favor and against Defendants as follows:

    a. Entering a judicial declaration that Defendants are legally indebted to PHI in the amount of the IDR Awards Balance Owed;

    b. Confirming the separate IDR Awards;

---

[12] PHI acknowledges the non-binding decision in *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, No. 24-10561, 2025 WL 1661358 (5th Cir. June 12, 2025).

  c. Ordering Defendants to pay PHI the amount of $174,096.19, representing the IDR Award Balance Owed;

  d. Ordering the Defendants to pay PHI applicable pre-judgment interest at the statutory rate from the date of issuance of each separate IDR Award to the date of entry of judgment;

  e. Ordering Defendants to pay PHI post-judgment interest at the statutory rate from the date of entry of judgment until paid in full;

  f. Ordering Defendants to pay PHI's attorneys' fees and costs incurred in this action, pursuant to A.R.S. §12-3025, as well an any other statute or rule authorizing the award of attorneys' fees and costs; and

  g. For such other and further relief as the Court deems just and proper.

**DATED** this 23rd day of July, 2025.

        **ENGELMAN BERGER, P.C.**

        By  */s/ Wade M. Burgeson*
          Wade M. Burgeson
          2800 North Central Avenue, Suite 1200
          Phoenix, Arizona 85004
          Attorneys for PHI Health, LLC

4904-4971-5287, V. 1